**NOT FOR PUBLICATION**

```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

                                      :
FIBERMARK NORTH AMERICA, INC.,        : CIVIL ACTION NO. 07-839 (MLC)
                                      :
     Plaintiff,                       :
                                      :       MEMORANDUM OPINION
     v.                               :
                                      :
LISA P. JACKSON,                      :
                                      :
     Defendant.                       :
                                      :
```

**COOPER, District Judge**

Plaintiff, Fibermark North America, Inc., had previously moved for summary judgment, arguing that there was no genuine issue of material fact that it was entitled to attorneys' fees pursuant to 42 U.S.C. § ("Section") 1988.  (Dkt. entry no. 34, Pl. Br., 3.)  Defendant, Lisa P. Jackson, Commissioner of the State of New Jersey Department of Environmental Protection ("NJDEP"), had opposed the motion.  (Dkt. entry no. 36.)  On April 15, 2008, the Court denied the motion without prejudice, and ordered to the parties to show cause why the Court should not award the attorneys' fees sought by plaintiff ("4-15-08 Order & Order to Show Cause").  (Dkt. entry no. 44, 4-15-08 Order & Order to Show Cause, at 3.)  Plaintiff responded to the 4-15-08 Order & Order to Show Cause on May 12, 2008.  (Dkt. entry no. 46, Pl. Stipulation Regarding § 1983 Claims ("Pl. Stip.").)  For the reasons stated herein, the Court will award the full amount of

attorneys' fees and expenses requested by plaintiff, $170,397.85. (See id.)

## BACKGROUND

The parties are familiar with the background of this action. (See dkt. entry no. 16, 3-28-07 Mem.Op.)  Plaintiff brought this action on February 16, 2007, and moved for a preliminary injunction against defendant, arguing that allowing NJDEP to continue to drain wastewater, or leachate, from a landfill into lagoons and onto property owned by plaintiff (1) violated the Clean Water Act (the "CWA"), (2) constituted involuntary servitude in violation of the Thirteenth Amendment, and (3) would cause plaintiff to suffer irreparable harm.  (Id. at 1-2; see dkt. entry nos. 1, 3-4.)  The Court issued a temporary restraining order ("TRO") on March 9, 2007 ("3-9-07 TRO"), pending the Court's disposition of the preliminary injunction application.  (3-28-07 Mem.Op., at 2; see dkt. entry no. 12, 3-9-07 TRO.)  On March 28, 2007, the Court ordered the parties to show cause why plaintiff's application for a preliminary injunction should not be granted, on the ground that defendant was violating plaintiff's procedural due process rights under the Fourteenth Amendment.  (Dkt. entry no. 17, 3-28-07 Order & Order To Show Cause, at 1.)  The Court further ordered that the 3-9-07 TRO remain in effect pending briefing on this issue.  (Id. at 2.)

2

Plaintiff filed an amended complaint on July 5, 2007. (Dkt. entry no. 23, Am. Compl.) The amended complaint alleges violations of the (1) CWA, and (2) due process clause of the Fourteenth Amendment. (Id.) On September 13, 2007, the Court entered a Partial Consent Judgment ("9-13-07 Partial Consent Judgment") consisting of a permanent injunction prohibiting defendant and NJDEP from allowing or in any way permitting leachate to flow from a landfill into lagoons and onto property owned by plaintiff. (Dkt. entry no. 30, 9-13-07 Partial Consent Judgment, at 2.) The 9-13-07 Partial Consent Judgment resulted because NJDEP (1) had removed a pipe that allowed leachate to flow from the landfill into plaintiff's lagoons, and (2) was not going to replace the pipe, thus making it no longer physically possible for leachate to flow into plaintiff's lagoons. (Id.)

Plaintiff then moved for summary judgment, arguing that there was no genuine issue of material fact that it was entitled to recover attorneys' fees, pursuant to Section 1988, as it was a "prevailing party" in this action. (Dkt. entry no. 34, Pl. Br., at 3.) Defendant opposed the motion, arguing that "[t]his matter was not fully adjudicated, there was no finding of liability against [d]efendant, [plaintiff] is not a prevailing party . . . and therefore, [plaintiff] is not entitled to recover its reasonable attorney[s'] fees". (Dkt. entry no. 36, Def. Br., at 2).

The Court denied the motion without prejudice and ordered the parties to show cause why the Court should not award the attorneys' fees sought by plaintiff, noting that (1) the 9-13-07 Partial Consent Judgment only resolved the injunctive aspect of the action, (2) plaintiff also sought damages pursuant to Section 1983, and (3) the Court thus was "concerned that deciding whether to grant plaintiff's motion would be an inefficient expenditure of judicial resources, as plaintiff may move for attorneys' fees again at a later juncture". (4-15-08 Order & Order To Show Cause, at 2.)

Plaintiff responded to the 4-15-08 Order & Order To Show Cause, stating that it (1) "will not pursue a [Section] 1983 claim for damages against [defendant]", and (2) "seeks only to recover the attorney[s'] fees and litigation expenses it has expended in this case to obtain the permanent injunction now in place as well as the fees spent to pursue its fees claim." (Pl. Stip., at 1.) Plaintiff requests attorneys' fees in the amount of $170,397.85. (Id. at 1.)

**DISCUSSION**

I.   **Legal Standards For Attorneys' Fees Pursuant to Section 1988[1]**

Attorneys' fees and expenses may be awarded to a prevailing party where authorized by statute, court rule, or contract. Apple Corps Ltd. v. Int'l Collectors Soc'y, 25 F.Supp.2d 480, 484 (D.N.J. 1998). Under Section 1988 — in proceedings involving the alleged violation of federal constitutional or civil rights — "the [C]ourt, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs". 42 U.S.C. § 1988(b). The prevailing party in such cases is normally awarded attorneys' fees, absent special circumstances. People Against Police Violence v. City of Pitt., 520 F.3d 226, 232 (3d Cir. 2008).

A.   **"Prevailing Party" Status**

A party is a prevailing party upon succeeding on any significant issue in litigation that achieves some of the benefits the party sought in bringing suit. Id. A party does

---

[1] Plaintiff also seeks attorneys' fees pursuant to 33 U.S.C. § 1365 of the CWA. (Pl. Br., at 9-11.) This provision provides that the Court "may award costs of litigation (including reasonably attorney and expert witness fees) to any prevailing party or substantially prevailing party, whenever the [C]ourt determines such award is appropriate." 33 U.S.C. § 1365(d). The rules and underlying policies for calculating attorneys' fees pursuant to Section 1988 also apply to calculating attorneys' fees pursuant to 33 U.S.C. § 1365. Pub. Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1184 (3d Cir. 1995).

not become a prevailing party solely because the lawsuit causes a voluntary change in a defendant's conduct.  Id.  Rather, the party must have achieved the benefit sought in bringing the action through a court-ordered "material alteration of the legal relationship of the parties".  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-05 (2001) (quotation and citations omitted) (rejecting the "catalyst theory" of who constitutes a prevailing party).  A court order provides the appropriate basis for awarding attorneys' fees to the prevailing party where it "contains mandatory language" and "bears the signature of the District Court judge, not the parties' counsel."  Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 165 (3d Cir. 2002) (holding that plaintiff was a prevailing party within the meaning of Section 1988).

Settlement agreements enforced through a consent decree, even where they do not include an admission of liability by the defendant, may serve as the basis of an award of attorneys' fees, so long as the plaintiff receives at least some relief on the merits of the claims alleged.  Buckhannon, 532 U.S. at 604, People Against Police Violence, 520 F.3d at 232.  "Nothing in the language of [Section] 1988 conditions the District Court's power to award fees on full litigation of the issues or on a judicial determination that plaintiff's rights have been violated."  Maher v. Gagne, 448 U.S. 122, 129 (1980).

6

### B.     Determination of "Reasonable" Attorneys' Fee

"A reasonable attorney's fee is one that compensates a lawyer for the fair market value of his time, experience, and effort." Hall v. Bor. of Roselle, 747 F.2d 838, 841 (3d Cir. 1984). A reasonable fee is also one which is "adequate to attract competent counsel, but which do[es] not produce windfalls to attorneys." Student Pub. Interest Research Group v. AT&T Bell Labs., 842 F.2d 1436, 1448 (3d Cir. 1988) (quotation and citations omitted).

The proper approach for determining an award of attorneys' fees here is the lodestar approach, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Loughner v. Univ. of Pitt., 260 F.3d 173, 177-78 (3d Cir. 2001); P.G. v. Brick Twp. Bd. of Educ., 124 F.Supp.2d 251, 261 (D.N.J. 2000). In determining the lodestar amount, the Court must "carefully and critically evaluate the hours and the hourly rate set forth by counsel." J & J Snack Foods, Corp. v. Earthgrains Co., No. 00-6230, 2003 WL 21051711, at *6 (D.N.J. May 9, 2003) (quotation and citation omitted). The prevailing party has the burden to prove that the request is reasonable, and therefore must submit evidence to support the hours worked and the rates claimed. Id.

"Once the party seeking fees provides such evidence, the burden shifts to its adversary to contest, with sufficient specificity, the reasonableness of the hourly rate or the reasonableness of the hours expended." Microsoft Corp. v. United Computer Res. of N.J., Inc., 216 F.Supp.2d 383, 387 (D.N.J. 2002). If the opposing party meets this burden, the Court has wide discretion to adjust the requested attorneys' fees for a variety of reasons. Apple Corps Ltd., 25 F.Supp.2d at 485. However, the Court may not adjust the prevailing party's requested attorneys' fees for reasons not raised by the objecting party. McDonald v. McCarthy, 966 F.2d 112, 119 (3d Cir. 1992) (holding that a district court "may not, sua sponte, reduce the award requested unless such order is based on the court's personal knowledge as to the time expended on the case"); Microsoft Corp., 216 F.Supp.2d at 387 (noting same).

**II. Legal Standards Applied Here**

**A. "Prevailing Party" Status**

Plaintiff argues that it is entitled to reasonable attorneys' fees under because it is the prevailing party, as the "lawsuit and resulting consent judgment materially altered the legal relationship between [plaintiff] and [defendant] by modifying [defendant's] conduct for [plaintiff's] benefit." (Pl. Br., at 5.) Defendant argues that plaintiff is not entitled to reasonable attorneys' fees here, as (1) "[g]enuine issues of

material fact exist and the facts are in dispute", (2) defendant "did not own, control or operate the Landfill property, either in her individual capacity or her representative capacity", and (3) plaintiff is not the prevailing party here "[w]ithout further adjudication by the Court beyond a temporary restraining order and a permanent injunction not based upon a finding of liability, but upon consent, with a clear statement that [defendant] was not admitting liability". (Def. Br., at 13-14, 16.)  Defendant further contends that plaintiff is not the prevailing party because "NJDEP was already actively pursuing the remedy well before [plaintiff] gave NJDEP Notice of Suit or actually sued" and thus, defendant and "NJDEP consented to the permanent injunction, without an admission or finding of liability, in part, because the problem of leachate flowing from the Landfill on to the Warren Glen facility had been solved - by NJDEP, in April, 2007." (Id. at 18.)

Plaintiff is the prevailing party here.  It has succeeded on a significant issue in this action — namely, whether defendant was entitled to continue the flow of leachate onto its property — and thus has achieved some of the benefit it sought in bringing the action. (See 9-13-07 Partial Consent Judgment, at 2.)  Moreover, since plaintiff no longer seeks damages pursuant to Section 1983, it has achieved all the benefit it possibly could achieve in bringing this action. (See Pl. Stip.)  Further,

9

plaintiff has achieved this benefit through a court-ordered permanent injunction.  (See 9-13-07 Partial Consent Judgment.) The 9-13-07 Partial Consent Judgment contains mandatory language. It states that the partial consent judgment is a "permanent injunction prohibiting [NJDEP and defendant] from allowing or in any way permitting leachate to flow from the Landfill into [plaintiff's] lagoons or onto [plaintiff's] property."  (Id.) This permanent injunction also was "ordered" and bears the signature of the District Court Judge.  (Id.)

**B.   Determination of Reasonable Attorneys' Fees & Expenses**

The Court finds that plaintiff is entitled to the full amount of the attorneys' fees and expenses requested.  The Court has examined the affidavits, certifications, and attached exhibits submitted by plaintiff as to the rates claimed by plaintiff's attorneys and number of hours expended, and finds the amount of attorneys' fees and expenses requested to be reasonable.  (See dkt. entry no. 32, Aff. of R. Bradford Fawley, Ex. B, Downs Rachlin Martin PLLC Invoice, Ex. C, Certification of Joshua W. Denbeaux, Ex. D, Denbeaux & Denbeaux Invoice; Pl. Stip., Ex. A, Updated Aff. of R. Bradford Fawley, Ex. B, Downs Rachlin Martin PLLC Invoice, Ex. C, Supplemental Certification of Joshua W. Denbeaux, Ex. D, Denbeaux & Denbeaux Invoice.)

Defendant does not challenge plaintiff's prima facie showing, as defendant has not (1) contested plaintiff's

10

submissions concerning the proper prevailing rates, or (2) argued or shown that the hours expended by plaintiff's attorneys were unreasonable.  The Court, therefore, will make no adjustments to the amount of attorneys' fees and expenses requested by plaintiff.  See McDonald, 966 F.2d at 119; Microsoft Corp., 216 F.Supp.2d at 387.

### CONCLUSION

For the reasons stated supra, the Court will (1) grant the order to show cause, and (2) award the full amount of attorneys' fees and expenses requested by plaintiff, $170,397.85.  The Court will issue an appropriate order and judgment.

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

**Dated:**    June 30, 2008

11